DECISION
This matter came on to be heard before me on January 31, 1995 as a result of an "Order" of the Rhode Island Supreme Court entered on December 21, 1994 that the "petition for habeas corpus filed by the petitioner be remanded to the Superior Court with directions that the Superior Court treat the petition as a properly filed application for post conviction relief."
This Court notified the Attorney General as required by the General Laws and assigned the matter for hearing on the merits to January 31, 1995.
At the hearing on January 31, 1995 the petitioner presented no witnesses. He argued, in essence, that the Adult Correctional Institutions improperly denied him the credit for which be believed he was entitled. Specifically, his claim is that the Department of Corrections did not credit him for twelve days per month for each of the 18 years he was sentenced to serve. The Department presented, under oath, Captain Fred Haibon who testified how the Department arrived at the scheduled release date for the petitioner. On the specific point raised by the petitioner, Captain Haibon testified that subsequent to 1976, after receiving an opinion from the then Attorney General, Julius C. Michaelson, the Department did not immediately grant the ten days good time and the two days industrial time to an inmate for the entire time of the sentence, but rather would anticipate when he would be expected to be released and grant the credit accordingly. As Captain Haibon testified, under the statute, good time and industrial time must be earned, but is not earned if the defendant is released, for example, after serving two-thirds of his sentence. Therefore, in essence, he is not entitled to twelve days per month times the eighteen years. The defendant next argues that recently the Department did permit one John Page to be credited with all of his earned and unearned credit and argues that he, the petitioner, is denied equal protection under the law. Captain Haibon responded by testifying that Mr. Page was sentenced in a case that pre-dated the Attorney General's opinion.
In recent years our Supreme Court has addressed similar issues presented by the petitioner and has held, in essence, that the Parole Board has broad discretionary power and may deviate from prescribed guidelines. State v. Tillinghast.
The petitioner has the burden or persuading this Court by the fair preponderance of the evidence that he is entitled to the relief sought. In the circumstances of this case, he has failed to meet that burden. The petition is denied.